UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOBY MAXWELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-04752-JPH-MJD ) |
| MARK SEVIER, Warden of the New Castle Correctional Facility,[1] | ) ) ) ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Toby Maxwell petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCF 19-08-0187. For the reasons explained in this Order, Mr. Maxwell's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

---

[1] Mr. Maxwell is currently in custody at the New Castle Correctional Facility. Warden Mark Sevier is substituted pursuant to Federal Rule of Civil Procedure 25(d) as the proper respondent. The **clerk is directed** to update the docket to reflect this substitution.

1

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On August 27, 2019, Indiana Department of Correction (IDOC) Correctional Officer A. Stewart wrote a Report of Conduct charging Mr. Maxwell with sexual conduct, a violation of the IDOC's Adult Disciplinary Code offense B-216. The Report of Conduct states:

> On the above date at the approximate time offender Maxwell DOC #964226 was asked to remove his hands from his pants, he did that as well as placed his hands on the outside of his pants grabbing his penis & moving toward myself in a sexual manner. I, Ofc. Stewart told him he would be receiving this conduct report.

Dkt. 8-1.

Mr. Maxwell was notified of the charge on August 29, 2019, when he received the Screening Report. Dkt. 8-2. He pled not guilty to the charge, asked for witness statements from Officer Cole and Offender Gresham, and requested review of the video surveillance. *Id.*

A hearing was held on September 6, 2019. Dkt. 8-4. Mr. Maxwell told the disciplinary hearing officer (DHO) that he had been sleeping, just awakened, and was pulling his pants up. *Id.* The DHO viewed the video evidence and prepared a report which was provided to Mr. Maxwell. Dkt. 8-5. The report provides that the DHO observed Mr. Maxwell walk away from his bed during count, and "then grabs his crotch and shakes it at Officer Stewart[.]" *Id.* Officer Cole's written statement was "I do not recall." Dkt. 8-6. Offender Gresham's written statement was the he was standing next to Mr. Maxwell and that Mr. Maxwell "did not grab himself . . . or play with his penis in front of the CO." Dkt. 8-7

The DHO considered the staff report, Mr. Maxwell's statement, the witness statements, and the video evidence – which the DHO wrote "video is clear," and found Mr. Maxwell guilty of committing the sexual conduct offense. Dkt. 8-4. The sanctions imposed included a ninety-day

earned-credit-time deprivation and a credit class demotion. *Id.* Mr. Maxwell appealed the decision to the Facility Head and the IDOC Final Reviewing Authority, but appeals were denied. Dkts. 8-8, 8-9, 8-10, & 8-11.

Mr. Maxwell then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The Warden filed his return. Dkt. 8. Mr. Maxwell did not reply.

### C. Analysis

Mr. Maxwell raises four grounds for relief in his petition. Ground One asserts that he was denied the right to a fair hearing before an impartial decision maker because the DHO had already decided the case before the hearing started. Ground Two asserts there was no evidence to support the conviction. Ground Three asserts that Mr. Maxwell was not provided a written statement of the basis for the DHO's decision. Ground Four asserts that Mr. Maxwell is the victim of racial discrimination. Dkt. 1 at 4-5.

#### 1. Impartial Decision Maker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or

substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Maxwell did not provide the reasons he believes the DHO was biased, and he did not file a reply to the Warden's return. There is no evidence to show that the DHO was involved in the incident or its investigation. The presumption of honesty and integrity has not been challenged with any evidence, to say nothing of the "clear evidence" required. *Piggie*, 342 F.3d at 666. Mr. Maxwell is not entitled to habeas corpus relief on his first ground.

### 2. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Maxwell's argument that there is no evidence to support the conviction is without merit. The record contains the conduct report written by Officer Stewart and a video recording of Mr. Maxwell grabbing his crotch and shaking it at Officer Stewart. Dkts. 8-1 & 8-5. "The conduct report alone provides 'some evidence'" that the inmate is guilty. *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir. 2004) (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)).

Mr. Maxwell's attacks on the credibility of Officer Stewart is a matter of choosing who to believe, which is the sole province of the DHO.

Nonetheless, in a safeguard against arbitrary revocation of an inmate's good-time credits, a court must "satisfy [itself] that the evidence the board did rely on presented 'sufficient indicia of reliability.'" *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). To challenge the reliability of evidence introduced during a prison disciplinary hearing, there must be "some affirmative indication that a mistake may have been made." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). No such affirmative evidence is present here. The conduct report by itself has sufficient indicia of reliability. Add to this the video evidence and there is no question but that the conviction rests upon reliable evidence.

Because the DHO's decision rested on "some evidence," Mr. Maxwell's second ground for relief is without merit.

### 3. Written Statement of Reasons for Conviction

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs*, 485 F.3d at 941 (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* But "[o]rdinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

In the instant case, the written statement of the reasons for the DJO's decision is the Report of Disciplinary Hearing. *See* dkt. 4. In this report, the DHO states that he relied on Mr. Maxwell's own statement, the staff reports (the conduct report), considered the witness statements, and viewed the video recording. *Id.* This report satisfies the requirement that the convicted inmate receives the written statement of reasons. Thus, Mr. Maxwell's third ground for relief is without merit.

### 4. Racial Discrimination

The Court does not need to address whether a claim of racial discrimination is a defense to a prison disciplinary conviction because Mr. Maxwell's claim is a mere conclusory statement without evidentiary support. Mr. Maxwell does not allege any facts or any circumstances that caused him to bring this claim. "Perfunctory and undeveloped arguments are waived . . . ." *M.G. Skinner and Assoc. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017). Habeas corpus relief on ground four is denied.

### D. Conclusion

None of the four grounds for relief presented in Toby Maxwell's petition for a writ of habeas corpus challenging prison disciplinary case number NCF 19-08-0187 have merit. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Maxwell to the relief he seeks. Accordingly, Mr. Maxwell's petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now enter.

**SO ORDERED.**

Date: 10/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Toby Maxwell
964226
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Katherine A. Cornelius
Indiana Attorney General
katherine.cornelius@atg.in.gov